BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Eric M. George (State Bar No. 166403)
   egeorge@bgrfirm.com
Benjamin D. Scheibe (State Bar No. 101327)
   bscheibe@bgrfirm.com
Eric A. Westlund (State Bar No. 293403)
   ewestlund@bgrfirm.com
Emily Lilburn (Admitted *Pro Hac Vice*)
   elilburn@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendant PANDORA
MARKETING, LLC d/b/a TIMESHARE
COMPLIANCE and non-party Ashleigh
L. Matua

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, et al.,<br><br>        Plaintiffs,<br><br>        vs.<br><br>PANDORA MARKETING, LLC d/b/a TIMESHARE COMPLIANCE, et al.,<br><br>        Defendants.<br><br>INTERMARKETING MEDIA, LLC d/b/a RESORT ADVISORY GROUP,,<br><br>        Counter-Claimant,<br><br>        vs.<br><br>DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, DIAMOND RESORTS HAWAII COLLECTION DEVELOPMENT, LLC, and DIAMOND RESORTS INTERNATIONAL,INC.,<br><br>        Counter-Defendants. | Case No. 2:20-cv-05486-DSF-ADS<br><br>The Hon. Dale S. Fischer<br><br>**[Discovery Document: Referred to Hon. Magistrate Judge Autumn D. Spaeth]**<br><br>**NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE BY NONPARTY ASHLEIGH L. MATUA OR ALTERNATIVELY FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:  Hon. Autumn D. Spaeth<br>Date:   January 19, 2022<br>Time:   10:00 a.m.<br>Crtrm.:  6B<br><br>[*Filed concurrently with Declaration of Benjamin D. Scheibe and Ashleigh L. Matua*]<br><br>Pretrial Conference:  May 17, 2022<br>Trial Date:           June 20, 2022 |

1959694.1

Case No. 2:20-cv-05486-DSF-ADS

MOTION TO QUASH DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE BY ASHLEIGH L. MATUA OR ALTERNATIVELY FOR PROTECTIVE ORDER

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on January 19, 2022 at 10:00 a.m. or as soon thereafter as this matter may be heard, in Courtroom 6B of the Ronald Reagan Federal Building and United States Courthouse, located at 411 W. Fourth Street, Santa Ana, California 92701, before the Honorable Autumn D. Spaeth, Defendant Pandora Marketing, LLC d/b/a Timeshare Compliance ("Pandora" or "TSC") and non-party Ashleigh L. Matua hereby move the Court, pursuant to Federal Rule of Civil Procedure 45, subdivision (d)(3) for an order quashing the Subpoena to Testify at a Deposition in a Civil Action issued to nonparty Ashleigh L. Matua by Plaintiffs Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC (collectively "Diamond") dated December 7, 2021 (the "Subpoena"), or alternatively for a protective order.  This motion is made on the ground that Ms. Matua's deposition is scheduled after the deposition discovery cut-off of December 6, 2021.

This motion is based on this notice of motion, the accompanying memorandum of points and authorities filed concurrently herewith, the declarations of Benjamin D. Scheibe and Ashleigh L. Matua and the respective exhibits thereto, the papers and records on file with the Court, and all oral argument and/or further evidence as the Court may permit.

DATED:  December 17, 2021

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
   Eric M. George
   Benjamin D. Scheibe
   Eric A. Westlund
   Emily Lilburn

By:       */s/ Eric A. Westlund*
        Eric A. Westlund
Attorneys for Defendant PANDORA MARKETING, LLC d/b/a TIMESHARE COMPLIANCE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Plaintiffs (collectively "Diamond") improperly noticed the deposition of non-party witness Ashleigh Matua for December 20, 2021, well after the deposition cut-off date of December 6, 2021.  When Judge Fischer recently amended the scheduling order to extend certain deadlines (Dkt. 518), the extension she granted with respect to depositions was limited to the depositions of Taylor Otto, Courtland Llauger, and Andrea Taborda.  That is clear from the express language of the Order and from the fact that Judge Fischer took pains to justify the extension by explaining that Diamond had acted diligently to take those *specific depositions* before the December 6 cut-off but had been unable to do so for reasons beyond its control.  Diamond did not seek an extension with respect to Ms. Matua's deposition and did not attempt to show that it had was similarly diligent in seeking that deposition prior to December 6, 2021.  The subpoena and notice of deposition issued with respect to Ms. Matua are therefore untimely and the subpoena should be quashed and/or a protective order preventing the deposition should be entered.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.      Diamond's Initial Subpoena for Ms. Matua's Deposition and Lack of Diligence

Diamond has been aware since well before February 2021 that Ms. Matua, the former Client Services Manager for defendant Pandora Marketing LLC d/b/a Timeshare Compliance, is a potential percipient witness.  In fact, Diamond used several emails either to or from Ms. Matua as exhibits during the February 17, 2021 deposition of Rachel Leath in this action.  (Declaration of Benjamin D. Scheibe ("Scheibe Decl."), Exh. 4.)  However, Diamond waited nine more months, until November 18, 2021—less than three weeks before the Deposition Discovery Cut-Off of December 6, 2021, (*see* Dkt. 455 at p. 2)—to issue a subpoena for Ms. Matua's deposition.

-1-

MOTION TO QUASH DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE BY ASHLEIGH L. MATUA OR ALTERNATIVELY FOR PROTECTIVE ORDER

It was not until November 18, 2021 that Diamond issued a subpoena setting December 1, 2021 for Ms. Matua's deposition.  (Scheibe Decl., ¶ 2.)  Counsel for Pandora immediately sought to ascertain whether Ms. Matua had been served, but was unable to do so.  (Scheibe Decl., ¶ 2.)  In fact, Diamond had failed to serve the subpoena on Ms. Matua but did not notify the parties.  (Declaration of Ashleigh L. Matua ("Matua Decl."), Exh. 1, email from dvonderhaar@bakerlaw.com dated December 1, 2021 at 10:35 AM.)  Accordingly, when counsel inquired on the morning of December 1, he was informed that the deposition would be rescheduled. (Scheibe Decl., ¶ 3.)

### B.    <u>The Court's Recent Amendment to the Scheduling Order</u>

Diamond brought this lawsuit in the Southern District of Florida on January 31, 2020.  The Court in that District set a discovery deadline of June 29, 2020, but the case was transferred to this District on June 19, 2020.  (*See* Case No. 9:20-cv-80143-DMM, ECF Nos. 21, 116.)  The parties filed a Joint Rule 26(f) Report requesting a discovery deadline of <u>March 15, 2021</u>, which the Court adopted in the initial Scheduling Order.  (ECF Nos. 154, 160.)  Diamond later sought a six month extension of the deadline from March 15 to September 15, 2021.  (ECF No. 316-1). The Court granted Diamond's request on February 16, 2021.  (ECF No. 341.)  The parties then agreed to amend the Scheduling Order to extend the deposition deadline for a third time, to December 6, 2021.  (ECF No. 454.)  The Court approved that stipulation.  (ECF No. 455.)

Nevertheless, in October 2021, Diamond moved for yet another extension.  In response, the Court on December 2, 2021, issued an Order modifying the Scheduling Order and continuing the Trial Date (the "Order").  (*See generally*, Dkt. 518.)  The Court extended the December 6, 2021 Deposition Discovery Cut-off until January 17, 2022, but only in connection with specific depositions and based upon factual findings that Diamond had acted diligently in seeking to schedule those depositions before the thrice-extended deadline.  For example, the Order states:

1959694.1

-2-                          Case No. 2:20-cv-05486-DSF-ADS

MOTION TO QUASH DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE BY ASHLEIGH L. MATUA OR ALTERNATIVELY FOR PROTECTIVE ORDER

Diamond now seeks additional time *to schedule the depositions of Otto and Llauger* due to the delay it contends was caused by lawyer unavailability and motion practice. . . . The Court finds Diamond was diligent in attempting to schedule the two remaining depositions and a six-week extension *to conduct those two depositions* is reasonable.

(Order, Dkt. 518 at 5–6.)  The Order further states that:

The Slattery Defendants do not argue Diamond has not been diligent in attempting to schedule the Taborda Deposition.  To the extent the Tarborda deposition is not also completed by the December 6, 2021 deposition cut-off, the Court finds a six-week extension *to complete that deposition* is reasonable.

(Order, Dkt. 518 at 7 (emphasis added).)  The Court's Order is therefore clear that the extension is limited to three specific depositions, and predicated on Diamond's diligent efforts to conduct those depositions before December 1.  Diamond did not request any extension as to Ms. Matua, and its motion in fact did not even mention her.  The Court therefore did not extend the deadline to depose Ms. Matua, or make any findings that Diamond had been diligent in attempting to schedule Ms. Matua's deposition.

### C. Diamond Amends Its Subpoena and Misleads Ms. Matua to Secure Her Consent to Improper Service By Email

On December 1, 2021 (even before the Court amended the Scheduling Order) Diamond issued an amended deposition subpoena for Ms. Matua, purportedly setting her deposition for December 14, 2021—well after the December 6, 2021 Deposition Discovery Cut-Off then in place.  Without telling her that the deposition cut-off was December 6, Mr. Douglas Vonderhaar (counsel for Diamond) sent Ms. Matua an e-mail asking her to accept service of the subpoena via e-mail.  (*See* Matua Decl., Exh. 1.)  Ms. Matua responded by asking whether she was "being subpoenaed to testify for or against [TSC]." (Matua Decl., Exh. 1.)  Mr. Vonderhaar responded in deceptive fashion that "Diamond is simply looking for the facts *and not testimony that favors one party or another*.  That is, Diamond seeks your knowledge and understanding of timseshare exit services provided by [TSC] and Resort Advisory Group." (Matua Decl., Exh. 1.)  Based on this representation, Ms.

Matua responded: "Thank you for explaining. Yes, I accept the subpoena via email." (Matua Decl., Exh. 1.) Ms. Matua would not have agreed to accept service of the subpoena via e-mail if Mr. Vonderhaar had informed her that Diamond was suing TSC and wanted to use her testimony against TSC. (Matua Decl., ¶ 4.)

Immediately after Diamond served an amended notice for Ms. Matua's deposition, Pandora's counsel again tried to contact Ms. Matua to determine whether she had been served with the amended subpoena. (Scheibe Decl. ¶ 4.) He did not receive a response from Ms. Matua, but learned that a copy of the subpoena had been improperly sent to Ms. Matua via email. (Scheibe Decl. ¶ 4.) Mr. Scheibe continued his efforts to contact Ms. Matua but did not receive a response until December 7, when he learned of the email exchange between Ms. Matua and counsel for Diamond. (Scheibe Decl. ¶ 5.)

Diamond has since issued a second amended deposition subpoena for Ms. Matua, purportedly setting her deposition for December 20, 2021—again, beyond the December 6, 2021 Deposition Discovery Cut-Off. This second amended subpoena is the subject of this motion. On December 15, 2021, Pandora's counsel again spoke with Ms. Matua and ascertained that Ms. Matua wanted Pandora's counsel to represent her and move to quash the subpoena. (Scheibe Decl., ¶ 6.) That same day, Mr. Scheibe wrote Diamond a letter explaining the procedural defects with the second amended subpoena and requesting that Diamond withdraw it. (*See* Scheibe Decl., ¶ 6 and Exh. 2.) On December 16, 2021, Diamond refused. (*See* Scheibe Decl., Exh. 3.) TSC and Ms. Matua therefore file this Motion.

### III.   <u>ARGUMENT</u>

The Court should quash the subpoena for the taking of Ms. Matua's deposition because the deposition was improperly noticed after the deposition cut-off date of December 6, 2021. Prior to the taking of the deposition of a non-party witness, Federal Rule of Civil Procedure 45 permits the non-party witness to move

-4-

MOTION TO QUASH DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE BY ASHLEIGH L. MATUA OR ALTERNATIVELY FOR PROTECTIVE ORDER

to quash the subpoena, to modify it, or for a protective order under Rule 26(c). *Rezaipour v. Cty. of Los Angeles*, No. CV 12-05005-MWF (VBKx), 2013 WL 12377021, at *1 (C.D. Cal. Apr. 16, 2013). "The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-CV-01967 CW NC, 2012 WL 4846522, at *2 (N.D. Cal. Aug. 7, 2012) (citing *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1982)). Case law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case. *See Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999); *see also Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D. 443, 445 (D. Minn. 1997) (subpoenas under Rule 45, invoking the authority of the court to obtain the pretrial production of documents and things, are discovery within the definition of Fed.R.Civ.P. 26(a)(5) and are therefore subject to the time constraints that apply to all other methods of formal discovery).

Here, while Judge Fischer did recently amend her scheduling order to extend certain deadlines, the extension she granted for depositions was limited to three specific depositions, and was based on her explicit findings that Diamond had acted diligently *with respect to those depositions*. That the Order is expressly so limited is clear from the following excerpts:

> Diamond now seeks additional time **to schedule the depositions of Otto and Llauger** due to the delay it contends was caused by lawyer unavailability and motion practice. . . . The Court finds Diamond was diligent in attempting to schedule the two remaining depositions and a six-week extension **to conduct those two depositions** is reasonable.
>
> * * *
>
> The Slattery Defendants do not argue Diamond has not been diligent in attempting to schedule the Taborda Deposition. To the extent the Tarborda deposition is not also completed by the December 6, 2021 deposition cut-off, the Court finds a six-week extension **to complete that deposition** is reasonable.

(Order, Dkt. 518 at 5-7 (emphasis added).)

1959694.1

-5-                                                          Case No. 2:20-cv-05486-DSF-ADS

Moreover, as these excerpts also show, the Order bases its grant of an extension to take these three depositions on findings that Diamond had diligently sought to take those specific depositions before the deadline but had been unable to do so despite its diligence. There would be no purpose to making those findings were the Court simply intending to issue a blanket order that Diamond could take whatever additional depositions it wanted after December 6, regardless of whether it had exercised diligence in seeking such depositions before the deadline.

Diamond's motion to amend the scheduling order did not mention Ms. Matua. Nor did the Order include permission to take—or discuss at all—the deposition of Ms. Matua. "The Court is not a mere rubber stamp, and the parties must show respect for the Court's schedule and not to wait until the eleventh hour to complete discovery." *Doe Run Res. Corp. v. Hartford Accident & Indem. Co.*, No. 21-CV-455-BEN-WVG, 2021 WL 2577144, at *3 n.4 (S.D. Cal. June 22, 2021) (citing *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, No. 13-CV-1946-LAB WVG, 2015 WL 1119406, at *12 (S.D. Cal. Mar. 11, 2015)). In *Doe Run*, the respondents sought to depose a non-party witness after the fact discovery cut-off. Noting that the respondents had waited until just one month shy of the discovery cut-off to even "entertain the prospect of taking [the witness's] deposition," the court declined to "reward Respondents for their dilatory approach to discovery." *Id.* at *3.

Additionally, the court noted as "[e]qually unsettling . . . Respondents' dismissive treatment of the Court and Rule 16," explaining that "[a]t no time did Respondents move . . . to extend the fact discovery cut-off for purposes of taking [the witness's] deposition prior to the close of all discovery." *Id.* Similarly here, Diamond has offered no "explanation of what particular, reasonably unforeseeable circumstances arose that set back [its] efforts to obtain discovery from" Ms. Matua. *See id. see also Photomedex, Inc. v. Irwin*, No. 04CV0024-L (CAB), 2007 WL 2238359, at *2 (S.D. Cal. Aug. 2, 2007) (denying request to allow deposition after discovery cut-off where plaintiff did not diligently pursue the scheduling of said

MOTION TO QUASH DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE BY ASHLEIGH L. MATUA OR ALTERNATIVELY FOR PROTECTIVE ORDER

deposition).  In *Photomedex*, the court similarly denied the plaintiff's request to proceed with a deposition after the discovery cut-off, noting that "[n]othing impeded plaintiff's ability" to schedule it earlier.  2007 WL 2238359, at *2.

The same is true here.  Nothing impeded Diamond's ability to timely take Ms. Matua's deposition at any time in or after February 2021 (or, indeed, well before that).  Despite knowing of her position and involvement with Pandora, Diamond waited until the eve of the deposition cut-off to even issue a subpoena, which it then did not serve in time to proceed on the date initially noticed.  It is obvious why Diamond did not argue in its motion to amend the scheduling order that it had been diligent in seeking a deposition from Ms. Matua, or even mention Ms. Matua.  In short, Diamond neither requested nor received permission to take that deposition after December 6.  Because the subpoena and notice of deposition violate the scheduling order, even as amended, this Motion must be granted.

## IV.    CONCLUSION

The deposition cut-off has passed except as to the three specific depositions for with Diamond received a six-week extension (Llauger, Otto, and Taborda).  Diamond's attempt to subpoena Ms. Matua to appear first on December 14, then on December 20, violates the Court's Scheduling Order, even as amended.  For this reason, the deposition subpoena for Ms. Matua should be quashed and/or a

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

MOTION TO QUASH DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE BY ASHLEIGH L. MATUA
OR ALTERNATIVELY FOR PROTECTIVE ORDER

protective order entered preventing Diamond from proceeding with the deposition or further harassing Ms. Matua.

Dated:  December 17, 2021                    BROWNE GEORGE ROSS
                                             O'BRIEN ANNAGUEY & ELLIS LLP
                                                 Eric M. George
                                                 Benjamin D. Scheibe
                                                 Eric A. Westlund
                                                 Emily Lilburn


                                             By:      */s/ Eric A. Westlund*
                                                      Eric A. Westlund
                                             Attorneys for Defendant PANDORA
                                             MARKETING, LLC d/b/a TIMESHARE
                                             COMPLIANCE